PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/14/99
THOMAS  K. KAHN
CLERK

No. 98-5450
Non-Argument Calendar

_____

D.C. Docket No. 97-08026-CR-T/P-KLR

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DEMPSEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 14, 1999)**

Before  TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

James Dempsey appeals the district court's refusal to set aside his probation officer's decision to impose an occupational restriction as a condition of his supervised release.

In December 1993, Dempsey was convicted of two counts of mail fraud, in violation of 18 U.S.C. § 1341, for fraudulently obtaining payment for rare coins. He was sentenced in the Eastern District of New York to twelve months and one day of prison to be followed by five years of supervised release. The sentencing court did not impose any occupational restriction as a condition of his supervised release.

In November 1997, jurisdiction over Dempsey during the remainder of his term of supervised release was transferred to Southern District of Florida. At some point after that transfer, Dempsey's probation officer imposed an occupational restriction as a condition of Dempsey's supervised release which prohibited him from engaging in the rare coin business.

In July 1998, Dempsey filed a motion pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure requesting the district court to either modify his supervised release by terminating it, or, alternatively, to clarify the terms of his supervised release by setting aside the probation officer's imposition of the occupational restriction. He also requested the court to conduct a hearing on that motion. The district court denied Dempsey's motion and his request for a hearing.

On appeal, Dempsey contends the district court erred in refusing to set aside the probation officer's imposition of the occupation restriction.[1]  We agree.

A probation officer lacks the authority to impose an occupational restriction as a condition of supervised release.  Our conclusion in that regard is compelled by the fact that 18 U.S.C. § 3583(d), which authorizes imposition of occupational restrictions as a condition of supervised release, refers exclusively to a <u>court's</u> authority to impose occupational restrictions.  <u>See</u> 18 U.S.C. § 3583(d).  Likewise, U.S.S.G. § 5F1.5, which implements Congress' mandate in 18 U.S.C. § 3583(d), authorizes only a court to impose occupational restrictions and restricts its authority to do so to those instances where the <u>court</u> specifically finds (1) "a reasonably direct relationship" between the occupational restriction and the conduct relevant to the defendant's offense and (2) the restriction is "reasonably necessary to protect the public" from the possibility the defendant will "continue to engage in unlawful conduct similar to that for which he was convicted." U.S.S.G. § 5F1.5. Congress probably could have chosen to grant probation officers the discretion to impose occupational restrictions, but it did not.  The district court therefore erred by refusing to set aside the probation officer's imposition of an occupational restriction.

---

[1]Dempsey does not appeal the district court's refusal to terminate his supervised release. He does appeal the district court's refusal to conduct a hearing on his request to set aside the occupational restriction, but that issue is moot in light of our conclusion that the district court erred in refusing to set aside the probation officer's imposition of the occupational restriction.

We are unpersuaded by the government's argument that because Dempsey was required to engage in a lawful occupation as a condition of his supervised release, it was reasonable for the probation officer to conclude Dempsey could not lawfully engage in the coin business in light of his past criminal behavior in that business. As we have already explained, Congress did not leave it to probation officers to decide when it is reasonable to impose an occupational restriction. If the government believes an occupational restriction is justified in Dempsey's case--a matter which we have no occasion to address on this record--it can ask the district court to impose that restriction.

The district court's August 16, 1998 order is VACATED to the extent it refuses to set aside the probation officer's imposition of the occupational restriction. The case is REMANDED for further proceedings in light of this opinion.