[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10802

_____

D. C. Docket No. 07-00282-001-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW MASON DODGE,
a.k.a. flow_matt,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 14, 2009)**

Before BARKETT and WILSON, Circuit Judges, and POGUE,[*] Judge.

---

[*] Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

After pleading guilty to a violation of 18 U.S.C. § 1470, for transferring obscene material to a minor,[1] Matthew Mason Dodge ("Dodge") appeals from the part of the district court's judgment that requires him to register as a Tier I Sex Offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16911. We reverse. Although Dodge transmitted obscene material to persons he believed to be minors, he did not engage in conduct that constitutes a "sex offense against a minor," 42 U.S.C. § 16911(7)(I)(emphasis added), as we understand that phrase. Although we do not adopt Dodge's construction of SORNA, we conclude that we are unable to distinguish Dodge's behavior from other behavior, involving distributing obscene material, that would support a conviction under 18 U.S.C. § 1470, but would not require Dodge to register as a sex offender. Accordingly, Dodge also cannot be required to register.

## Background

Over a period of approximately one year, Matthew Dodge, on a number of occasions, interacted on internet chat-rooms with persons he took to be young girls

---

[1] 18 U.S.C. § 1470 provides: "Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both."

aged 13-14 years old. On at least three occasions, Dodge either emailed photographs of himself fully nude and/or masturbating or provided a link to such photos. On at least two occasions, Dodge sent video images of himself masturbating or fondling his genitals to individuals he took to be minors below the age of 16.[2]

Because of this conduct, Dodge was indicted on three counts of knowingly transferring obscene materials to individuals under the age of 16 in violation of 18 U.S.C. § 1470.[3] Dodge entered a guilty plea, without a plea agreement, and agreed that the government could prove the alleged facts. The government, by motion, dismissed Counts Two and Three at sentencing, leaving Dodge to be sentenced only for the first count. Dodge was then sentenced to 18 months in prison. At sentencing, the District Court also ordered a three year term of supervised release and ordered Dodge, as a "Tier 1 Sex Offender," to register under SORNA "for up to life." The District Dourt concluded that the expansion of the definition of "sex

---

[2] It is not relevant that, in all of the cases for which he was charged, Dodge apparently failed to interact with minors below the age of 16, but instead interacted with police officers or chat-room officials. This is because 18 U.S.C. § 1470 prohibits attempts to transfer obscene materials to a minor as well as actual transfers.

[3] The indictment also contained a fourth count, not at issue here, relating to forfeiture of Dodge's computer equipment.

3

offense" under 42 U.S.C. § 16911(5)(A)(ii) and (7)(I),[4] to

---

[4] Subsections (5)-(7) of 42 U.S.C. § 16911 provide:

(5) Amie Zyla expansion of sex offense definition.

(A) Generally. Except as limited by subparagraph (B) or (C), the term "sex offense" means–

(i) a criminal offense that has an element involving a sexual act or sexual contact with another;

(ii) a criminal offense that is a specified offense against a minor;

(iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of title 18, United States Code [18 USCS § 1152 or 1153]) under section 1591 [18 USCS § 1591], or chapter 109A [18 USCS §§ 2241 et seq.], 110 [18 USCS §§ 2251 et seq.] (other than section 2257, 2257A, or 2258 [18 USCS § 2257, 2257A, or 2258]), or 117 [18 USCS §§ 2421 et seq.], of title 18, United States Code;

(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

* * *

(6) Criminal offense. The term "criminal offense" means a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note)) or other criminal offense.

(7) Expansion of definition of "specified offense against a minor" to include all offenses by child predators. The term "specified offense against a minor" means an offense against a minor that involves any of the following:

(A) An offense (unless committed by a parent or guardian) involving kidnapping.

(B) An offense (unless committed by a parent or guardian) involving false imprisonment.

(C) Solicitation to engage in sexual conduct.

include any criminal offense that is a specified offense against a minor, where the conduct in question is "by its nature a sex offense against a minor," applied to Dodge's offense, requiring him to register. It is this conclusion that Dodge appeals.

## Standard of Review

We review terms of supervised release for abuse of discretion. See United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006). We review a district court's interpretation of a statute *de novo*. United States v. Prosperi, 201 F.3d 1335, 1342 (11th Cir. 2000).

## Discussion

We begin with relevant provisions of the statute. Specifically, if Dodge is required to register as a sex offender under SORNA it can only be because he was

---

(D) Use in a sexual performance.

(E) Solicitation to practice prostitution.

(F) Video voyeurism as described in section 1801 of title 18, United States Code [18 USCS § 1801].

(G) Possession, production, or distribution of child pornography.

(H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.

(I) Any conduct that by its nature is a sex offense against a minor.
* * *

convicted of a "sex offense" that is a "criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(ii). No other subpart of subsection (5) applies to the charge to which Dodge plead guilty, a violation of 18 U.S.C. § 1470.[5] Following subsection (5), a "[c]riminal offense" and a "specified offense against a minor" are further defined in 42 U.S.C. § 16911(6) and (7) respectively. We will consider each subsection in turn in order to determine how each definition may apply to Dodge's violation.

First, because 18 U.S.C. § 1470 is not a "State, local, tribal, foreign, or [specified] military offense," a violation of 18 U.S.C. § 1470 is only covered by subsection (6) of § 16911 if it is an "other criminal offense." Claiming that a violation of 18 U.S.C. § 1470 is not an "other criminal offense" for purposes of subsection (6), Dodge argues that federal offenses that qualify as sex offenses are enumerated, or "specified" as a "sex offense," by 42 U.S.C. § 16911(5)(iii), and because 18 U.S.C. § 1470 is not so enumerated, the principle of *expressio unius est exlusio alterius* requires us to hold that non-enumerated federal crimes, including violations of 18 U.S.C. § 1470, are not "sex offenses" for the purpose of

---

[5] Plainly, a violation of 18 U.S.C. § 1470 is not one of the "Federal offense[s]" specified by Section 16911(5)(A)(III) as constituting a "sex offense."

42 U.S.C. § 16911.[6]  Application of the *expressio unius* canon, however, would make unclear the meaning or referent in subsection (6) for "other criminal offenses."  Nonetheless, Dodge's argument is not without merit, especially in light of our application of *expressio unius* in United States v. Kinard, 472 F.3d 1294, 1297-98 (11th Cir. 2006), where we applied the principle in the context of federal sentence enhancement guidelines, restricting enhancement to the violation of one or more of the relevant enumerated statutes.

Additionally, reading "other criminal offenses" to include federal offenses, such as 18 U.S.C. § 1470, as suggested by the government, would turn the language  "State, local, tribal, foreign, or [specified] military offense" into meaningless surplusage thereby further complicating an attempt to provide a correct and coherent interpretation of the provision.  For reasons given below, however, we do not need to decide this issue of statutory interpretation because, even if we assume that non-enumerated federal offenses, including violations of 18 U.S.C. § 1470, may qualify as "other criminal offenses," Dodge still is not

_____

[6] The *expressio unius* canon is relevant to the interpretation of 42 U.S.C. § 16911(5)(iii) because all of the examples listed in that provision section are members of an associated group or series, i.e., they are types of federal offenses.  Cf. Barnhart v. Peabody Coal Co., 537 U.S. 149, 168 (2003) ("the canon of *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were eluded by deliberate choice, not inadvertence.")

7

required to register.[7]

The next step in our analysis comes in the application of subsection (7)(I) of section 16911. Subsection (7) provides an "expanded definition" of "specified crimes against a minor" with subsection (7)(I) being the only subsection (7) provision applicable to Dodge's case. Subsection (7)(I) designates, as a "specified crime against a minor," . . . "[a]ny conduct that by its nature is a sex

---

[7] While we do not decide the question of whether, as Dodge contends, non-enumerated federal crimes such as 18 U.S.C. § 1470 cannot fall into the category of "other crimes" without rendering the statute internally inconsistent or reducing language of "State, local, tribal, foreign, or [specified] military offense" to mere surplusage, we believe the matter to be less straightforward than the reasoning our brother's dissent would imply. For example, while "[n]othing in the plain language of the statute suggests that 'other criminal offense' cannot encompass federal offenses not specifically enumerated in 42 U.S.C. § 16911(5)(A)(iii)" (Dissent at 19), including unenumerated offenses would, as Dodge contends, render the statute inconsistent or reduce other language to mere surplusage. Consequently, the lack of a "plain language" restriction is beside the point. Similarly, invoking the "broad purpose and scope" of SORNA" (id.) or legislative history (id. at 20) cannot make the statute cover criminal offenses that would not otherwise be covered by the statute under the rule of law. In the words of Justice Scalia, "it is simply incompatible with democratic government, or indeed, even with fair government, to have the meaning of a law determined by what the lawgiver meant, rather than what the lawgiver promulgated." Antonin Scalia, A Matter of Interpretation: Federal Courts and the law 17 (Princeton University Press 1997). A similar view, with regard to legislative history, was noted by Justice Jackson: "[w]hen we decide from legislative history,... what Congress probably had in mind, we must put ourselves in the place of a majority of Congressmen and act according to the impression we think this history should have made on them.... That process seems to me not interpretation of a statute but creation of a statute." United States v. Public Utils. Comm'n of Cal., 345 U.S. 295, 319 (1953) (Jackson, J., concurring). Given that other well-established canons of interpretation weigh against the Dissent's interpretation, notably the principle of *expressio unius est exclusio alterius* and the "rule of lenity" (see United States v. Bass, 404 U.S. 336, 347-49 (1971)), it seems that there is ground for doubt.

Similarly, the fact that 42 U.S.C. § 16911(7) includes "expansive language" and lists other federal crimes does not unequivocally support the Dissent's interpretation. Rather, the language of § 16911(7) suggests that Congress was perfectly capable of including other federal crimes via specific language, in a way that did not cause interpretive difficulty with the rest of the statute, when it wished to do so.

8

offense against a minor." Dodge contends that the court should approach this definition in a "categorical" fashion such that only convictions under a statute for which all possible convictions would qualify as a "sex offense against a minor" would require registration. Accordingly, Dodge claims, the court should decline to examine the underlying behavior upon which his conviction is based, but rather determine only whether all convictions of 18 U.S.C. § 1470 would require registration. Thus, Dodge argues, a categorical approach would call only for a comparison of the fact of conviction and the definition of the offense of conviction on the one hand, and the definition set out in (7)(I) on the other.[8] Because not all convictions of 18 U.S.C. § 1470 would require registration, under a categorical approach, no conviction under 18 U.S.C. § 1470 would require registration.

The government, on the other hand, encourages us to reject a categorical approach here, noting that the language in subsection (7)(I) calls for determining the "conduct" of the defendant in question, not the "conviction," as was the case in Shepard. Id. Such a non-categorical approach was recently used by the 9th Circuit

---

[8] Such a categorical approach has the advantage of allowing the sentencing (or reviewing) court to avoid the difficulty of having to conduct mini-trials on uncharged conduct. See, United States. v. Spell, 44 F.3d 936, 939 (11th Cir. 1995). This approach was also favored by the Supreme Court in the context of enhancement guidelines in Shepard v. United States, 544 U.S. 13, 19-20 (2005).

in United States v. Byum, 539 F.3d 982, 992 (9th Cir. 2008),[9] where that Court concluded that, "the best reading of the statutory structure and language is that Congress contemplated a non-categorical approach . . . ."

Nonetheless, we do not have to decide whether or not to take a categorical approach to reading the statute. This is because even if we do not adopt a categorical approach requiring all violations of 18 U.S.C. § 1470 to be sex offenses against a minor in order to require registration, we still must be able to articulate a principled statutory basis for requiring registration for some violations of 18 U.S.C. § 1470 but not for others. Here, even if we agree with the government, and examine Dodge's underlying conduct in this case, we are unable to distinguish Dodge's conduct from conduct that would also support a conviction under 18 U.S.C. § 1470 but which would not require registration under SORNA because such conduct is not "by its nature a sex offense against a minor," as required by subsection (7)(I).

Our inability to find a principled way to distinguish Dodge's actions from other actions that would also support a violation of 18 U.S.C. § 1470, but which

---

[9] In Byum, the Court determined that importation into the United States of an alien for purposes of prostitution constituted a sex offense against a minor where Byum's underlying conduct included transporting a minor with the intent that the minor engage in prostitution even though the age of the minor was not an element of the alien smuggling violation to which Byum plead guilty. Byum, 539 F.3d at 986-7, 993-4.

10

clearly are not "by [their] nature a sex offense against a minor," proceeds from a plain language reading of the statutory phrase "sex offense against." Any definition of "against" requires a concept of contact or opposition. American Heritage Dictionary 32 (3d ed. 1992) . Dodge's actions, offensive and deplorable though they may be, lack any element of an unwanted sexual assault, offense, or other violation that contacts or opposes a minor's rights. Unlike a "flasher," for example, there is no claim here that Dodge invaded the private space of a minor. While such an assault offense or other violation that contacts or opposes a minor's rights may not be necessary elements of a crime which is "by its nature a sex offense against a minor," it would provide a clear basis for concluding that the crime is a "sex offense against a minor," and would, therefore, provide an acceptable or principled statutory rationale for imposition of SORNA's registration requirement. Dodge's actions, however, are not so distinguishable.

Violations of 18 U.S.C. § 1470 include the mere distribution of obscene material. For example, if Dodge, rather than sending photos and video of himself over the internet, had mailed the same materials or distributed hard-copy across state lines to people he knew to be under the age of sixteen, he would have equally

violated 18 U.S.C. § 1470.[10] These actions, however, would not be "by [their] nature a sex offense against a minor" because they do not involve an unwanted sexual assault or other violation against a minor's rights. There is no principled way to distinguish Dodge's conduct from these offenses that do not require registration. While both offenses violate an innocent party's right not to have their inbox or mailbox invaded with obscene material, the activities are not clearly distinguishable in a way that would permit us to conclude that one is a "sex offense" while the other is not.

While we do not conclude that every violation of 18 U.S.C. § 1470 is exempt from SORNA's registration requirement, because some such violations do not require registration, in order to require Dodge to register, we must be able to clearly distinguish his actions from other actions that would also support a conviction under 18 U.S.C. § 1470 but that are not "by [their] nature a sex offense against a minor." Absent such a rationale, the registration requirements cannot be imposed. Accordingly, we conclude that the District Court erred in requiring

---

[10] The dissent would distinguish Dodge's conduct from violations of 18 U.S.C. §1470 that do not require registration on the basis that Dodge "intended for 13-year-old girls to view him in a sexual state." Dissent at 29. But violations of Section 1470 by mailing obscene material, even with the intent that a 13-year-old view the sender in a sexual state, would not require registration.

12

Dodge to register as a Tier-1 Sex Offender under SORNA.[11]

As it is necessarily an abuse of discretion to base a ruling on an erroneous interpretation of a statute, <u>Cooter & Gell v. Hartmax Corp.</u>, 496 U.S. 384, 405 (1990), superceded on other grounds, Fed. R. Civ. P. 11, we reverse the District Court's ruling that Dodge must register under SORNA.

**REVERSED**.

---

[11] The dissent would analogize Dodge's conduct to conduct which violates 18 U.S.C. §2252B(b). That statute criminalizes the use of a "misleading domain name on the Internet with the intent to deceive a minor into viewing material that is harmful to minors...." Dissent at 30. But 18 U.S.C. §2252B(b) includes an element of predation or deception – the use of a "misleading domain name"– not present under 18 U.S.C. §1470.

WILSON, Circuit Judge, dissenting:

Designed to protect the public from sex offenders and offenders against children, the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq.*, requires that a sex offender register in each jurisdiction in which the offender resides, works, or studies. A "sex offender" is one who has been convicted of a "sex offense." Because I would find that SORNA's broad definition of "sex offense" encompasses Dodge's conduct of conviction, I dissent.

## I.

Thirty-four-year-old Dodge was indicted on three counts of transferring obscene material to a minor in violation of 18 U.S.C. § 1470.[1] With no plea agreement, Dodge pleaded guilty to Count I,[2] which charged that between December 1 and 13, 2006, Dodge knowingly transferred obscene matter over the Internet to an individual under the age of 16 years who used the screen name "heyshutup." Specifically, Dodge e-mailed to a 13-year old girl (who was actually an undercover agent) pictures and links to websites containing pictures of himself

---

[1] 18 U.S.C. § 1470 provides: "Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both."

[2] Dodge pleaded guilty to all three counts, but at sentencing the district court dismissed Counts II and III on the government's motion.

14

fully nude and masturbating.  Counts II and III charged similar offenses between October 2006 and January 2007 involving two underage girls using the screen names "hope_n_bama" and "hello_kitten."  Counts II and III also encompassed the charge that Dodge used a web camera to broadcast to the girls live images of himself masturbating.

Dodge's pre-sentence investigation report suggested that the court impose SORNA registration as a condition of supervised release.  Dodge objected, arguing that he was not a "sex offender" because his offense was not a "sex offense" as defined by 42 U.S.C. §§ 16911(5)(A) and (7).  Overruling Dodge's objection at sentencing, the district court found that the statute's expanded definition of "sex offense" encompassed Dodge's conduct underlying the conviction.  Specifically, the court stated that Dodge's conduct of "sitting in front of a computer with a camera pointed at [his] private parts," while thinking he was talking to a 13-year-old girl, must be a "sex offense against a minor" as contemplated by SORNA.  Accordingly, the court sentenced Dodge to 18-months' imprisonment followed by a three-year supervised release term, and imposed sex offender registration as a condition of release.  Dodge appeals only the portion of his sentence requiring him to register as a Tier I sex offender under SORNA.

"We review the district court's imposition of a special condition of

15

supervised release for abuse of discretion, so long as the objection was preserved for appeal." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (per curiam) (citation omitted). We review a district court's interpretation of a statute *de novo*. *United States v. Prosperi*, 201 F.3d 1335, 1342 (11th Cir. 2000) (citation omitted). A district court abuses its discretion if it applies the incorrect legal standard. *Koon v. United States*, 518 U.S. 81, 100 (1996), *superseded by statute on other grounds as recognized in United States v. Mandhai*, 375 F.3d 1243, 1249 (11th Cir. 2004).

## II.

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (the "Walsh Act") was enacted on July 27, 2006. Title I of the Act, SORNA, establishes a national sex offender registry law, the purpose of which is "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. SORNA defines a "sex offender" as an "individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense," in turn, is either:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
> (ii) a criminal offense that is a specified offense against a minor;
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110

16

(other than section 2257, 2257A, or 2258), or 117, of Title 18;
(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) or Public Law 105-119 (10 U.S.C. 951 note); or
(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

42 U.S.C. § 16911(5)(A).

The question before us is whether Dodge's conviction under 18 U.S.C. § 1740 for knowingly transferring obscene material to a person under the age of 16 years makes him a "sex offender" and thus subject to SORNA's registration requirements. This is a case of first impression. In my view, we should first determine whether a violation of 18 U.S.C. § 1470 is, in itself, a "sex offense" as defined by SORNA. Then, we should decide whether Dodge's particular conviction for knowingly transferring obscene material to a minor was a "sex offense."

The parties agree that if Dodge is required to register as a sex offender under SORNA, it can be only because he was convicted of a sex offense that is a "criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(ii). No other subpart of subsection (5)(A) encompasses a violation of 18 U.S.C. § 1470, the charge to which Dodge pleaded guilty. Because I would conclude that Dodge's conviction is a "specified offense against a minor," I

17

believe that he committed a "sex offense" and is therefore a "sex offender" for SORNA purposes.

## A.

A conviction under 18 U.S.C. § 1470 requires proof that the defendant knowingly transferred (or attempted to transfer) obscene matter to an individual under the age of 16, with the knowledge that the individual had not reached 16 years of age. Under SORNA, Dodge qualifies as a "sex offender" if he was convicted of a "criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(ii). Following subsection (5)(A)(ii), the terms "criminal offense" and "specified offense against a minor" are further defined in 42 U.S.C. §§ 16911(6) and (7), respectively. Section 16911(6) defines a "criminal offense" as any "State, local, tribal, foreign, . . . military, . . . *or other criminal offense.*" 42 U.S.C. § 16911(6) (emphasis added). Section 16911(7) expands the definition of "specified offense against a minor" to include an offense against a minor that *involves* certain conduct, including "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct," and "[a]ny conduct that *by its nature* is a sex offense against a minor." 42 U.S.C. §§ 16911(7)(H), (I) (emphasis added).

According to Dodge, a federal offense like that prohibited by 18 U.S.C. §

1470 cannot be an "other criminal offense" as defined by § 16911(6) because its language "State, local, tribal, foreign, or [specified] military offense" would be rendered meaningless surplusage. Thus, Dodge contends, the exclusion of 18 U.S.C. § 1470 from the enumerated list of federal offenses in subsection (5)(A)(iii) must categorically exclude a violation of 18 U.S.C. § 1470 from the statute's entire definition of sex offense. I disagree.

To determine the meaning of a statute, we look first to the text of the statute itself. If the statutory text is unambiguous, the statute should be enforced as written and no need exists for further inquiry. *United States v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006) (per curiam) (citation omitted). "[W]e should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result." *Id.* at 798. If language is ambiguous, legislative history can be helpful to determine congressional intent. *See Shotz v. City of Plantation*, 344 F.3d 1161, 1167 (11th Cir. 2003). "Statutory construction is a holistic endeavor," and we cannot read a single word or provision of the statute in isolation. *Smith v. United States*, 508 U.S. 223, 233 (1993) (alteration omitted); *Silva*, 443 F.3d at 798.

Dodge's reading of the sex offense definition is unduly narrow. The statute as a whole does not suggest an intent to exclude certain offenses but rather to

19

expand the scope of offenses that meet the statutory criteria.[3]  Nothing in the plain

language of the statute suggests that "other criminal offense" cannot encompass

federal offenses not specifically enumerated in 42 U.S.C. § 16911(5)(A)(iii).

Further, Dodge's conviction statute, 18 U.S.C. § 1470, is an "obscenity statute"

included in Chapter 71 of Title 18.  In the sentencing statute 18 U.S.C. §

3553(b)(2), Congress includes Chapter 71 under the designation "child crimes and

sexual offenses," which also includes the same "federal offenses" enumerated in

42 U.S.C. § 16911(5)(A)(iii).  To exclude entirely the obscenity statutes from

SORNA's reach would be inconsistent with the broad purpose and scope of

SORNA as well as the sentencing statutes.

Most importantly, the expansive language of 42 U.S.C. § 16911(7) suggests

that Congress did not intend § 16911(5)(A)(iii) to constitute an exclusive list of

federal crimes requiring SORNA registration.  Notably, § 16911(7) includes as a

"specified offense against a minor" video voyeurism as described in 18 U.S.C. §

1801.  If Congress had intended that 42 U.S.C. § 16911(5)(A)(iii) represent a

closed universe of federal crimes requiring SORNA registration, Congress would

not have listed another specific federal crime in defining "specified offense against

---

[3] As statutorily expressed, the sex offense definition is limited only by subparagraphs (B) and (C), which apply to military and conspiracy offenses.  In contrast, the statute twice refers to the "expansion" of definitions. *See* 42 U.S.C. §§ 16911(5), (7).

a minor."  Indeed, the "expansive phrasing" of 42 U.S.C. §§ 16911(5)(A)(ii) and (7) "points directly away from the sort of exclusive specification" that Dodge would read into §§ 16911(5)(A)(iii) and (6).  *Cf. James v. United States*, 550 U.S. 192, __, 127 S. Ct. 1586, 1592 (2007) (construing whether attempted burglary, as defined by Florida law, is a "violent felony" under a residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)).  Nothing in the plain language of 42 U.S.C. § 16911(5)(A)(iii), when read together with the rest of the statute, prohibits an un-enumerated federal offense from qualifying as a "specified offense against a minor." [4] The statute's legislative history also supports this conclusion.

B.

Because I would conclude that § 16911(5)(A)(iii) does not contain an exhaustive list of federal crimes that may constitute a sex offense against a minor, I turn to whether a violation of 18 U.S.C. § 1470 is a "specified offense against a minor."  The answer depends on whether SORNA requires a "categorical" approach or whether the statute permits examination "of the particular facts disclosed by the record of conviction."  *Compare James*, 127 S. Ct. at 1593-94

---

[4] Moreover, in its recent analysis of SORNA, the Ninth Circuit did not address the exclusivity of 42 U.S.C. §§ 16911(5)(A)(iii) and (6), and it does not appear that the issue was raised.  Yet it is clear that the statute under which the defendant was charged was not enumerated in subsection (5)(A)(iii)'s list of federal offenses.  *See United States v. Mi Kyung Byun*, 539 F.3d 982, 986 (9th Cir. 2008) (concluding that the defendant's conviction under 8 U.S.C. § 1328 was a "specified offense against a minor" and therefore constituted a sex offense).

(applying a categorical approach to an offense under the Armed Career Criminal Act) *with United States v. Mi Kyung Byun*, 539 F.3d 982, 990 (9th Cir. 2008) (applying a non-categorical approach to SORNA with respect to the victim's age). We generally apply a categorical or modified categorical approach to statutory construction in the context of immigration law or the enhancement of criminal sentences. *See, e.g., Shepard v. United States*, 544 U.S. 13, 17, 125 S. Ct. 1254 (2005); *Vuksanovic v. U.S. Att'y Gen.*, 439 F.3d 1308, 1311 (11th Cir. 2006) (per curiam). If we apply a categorical approach here, we consider whether the elements of 18 U.S.C. § 1470 are the type that would justify its inclusion as a specified offense against a minor "without inquiring into the specific conduct of this particular offender." *James*, 127 S. Ct. at 1594.

Dodge argues that 18 U.S.C. § 1470 captures conduct that is not "criminal sexual conduct" under either a common-sense understanding of the term or the explicit terms of the statute. For example, Dodge submits that a convenience store clerk who knowingly sells a pornographic magazine to a person he or she knows to be under 16 years of age could be found guilty under 18 U.S.C. § 1470 but is not a "child predator" as contemplated by 42 U.S.C. § 16911(7) (entitled "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators"). I would agree that, standing alone, the transfer of

22

obscene material is not necessarily "criminal sexual conduct" or "by its nature a sex offense." Nor does 18 U.S.C. § 1470's "against a minor" element transform all conduct that could be prosecuted under the statute into conduct that is "criminal sexual conduct" or "by its nature a sex offense." Thus, a categorical approach to SORNA may reveal that an 18 U.S.C. § 1470 violation is not on its face a "registerable" SORNA offense.

But I find no authority to support the application of a categorical approach here. Moreover, the Ninth Circuit recently engaged in a statutory analysis of 42 U.S.C. §§ 16911(5)(A)(ii) and (7), applying a non-categorical approach to determine whether the victim was a minor. *See Byun*, 539 F.3d at 990. Although a different conviction statute was at issue, the Ninth Circuit's reasoning is persuasive and instructive to our construction of SORNA.

In *United States v. Mi Kyung Byun*, the Ninth Circuit affirmed the district court's imposition of sex offender registration as a condition of release on the defendant Byun, who pleaded guilty to three counts of alien smuggling in violation of 8 U.S.C. §§ 1324 and 1328. 539 F.3d at 994. Byun and her husband owned and operated a Guam night club in which Byun maintained two rooms for female employees to engage in sexual acts with the club's clients. Although Byun admitted in her plea agreement that she induced a 17-year old Korean girl to come

23

to Guam for prostitution, Byun did not plead guilty to transporting a minor for purposes of prostitution. After Congress passed the Walsh Act during Byun's supervised release term, her probation officer determined that she was required to register as a Tier II sex offender. Byun registered, but moved the district court to vacate the determination because she had "never been convicted of a sex offense." 539 F.3d at 984. After the district court denied Byun's motion and she appealed, the Ninth Circuit had to determine whether Byun's conviction under 8 U.S.C. § 1328 for importation of an alien for purposes of prostitution made her a "sex offender" under SORNA. Because Byun's conviction statute did not include the victim's age as an element, this analysis required that the court decide whether the underlying facts of Byun's conduct could be considered in determining whether she was a "sex offender."

Importantly, the Ninth Circuit concluded that SORNA permitted a non-categorical approach with regard to the age of the victim as applied to a "specified offense against a minor." 539 F.3d at 991. In doing so, the court contrasted the language of § 16911(5)(A)(i), which defines a sex offense as having "an element involving a sexual act or sexual contact with another," with the language of § 16911(5)(A)(ii), which definition of "specified offense against a minor" contains *no* reference to the crime's elements. Most critically, one statutory definition of

24

"specified offense against a minor" is "[a]ny *conduct* that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I) (emphasis added). Thus, the court concluded that for SORNA purposes, it is the underlying conduct that matters and not the elements of the conviction statute. Although it noted that the statute creates a "modicum of ambiguity" given the use of the word "convicted" at the outset (as opposed to the term "conduct"), the court determined that the "best reading of the statutory structure and language is that Congress contemplated a non-categorical approach as to the age of the victim in determining whether a particular conviction is for a 'specified offense against a minor.'" *Byun*, 539 F.3d at 992. The court also noted that SORNA's legislative history "fully support[ed] this conclusion." *Id.* at 992-93.

Although the Ninth Circuit was particularly concerned with the "age of the victim" element of a "specified offense against a minor," I would conclude that the statute likewise permits examination of the defendant's underlying conduct—not only the elements of the conviction statute—in determining what constitutes a "specified offense against a minor." First, the definition of "specified offense against a minor" contains no reference to the "elements" of a crime. The title of § 16911(7), "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators," uses the term "offenses" as opposed to

25

"convictions." Further, the statute uses the general terms "involves," "involving," and "by its nature." The list of specified offenses includes one that could not be any broader—"[*a*]*ny conduct that by its nature* is a sex offense against a minor." 42 U.S.C. § 16911(7)(I) (emphasis added). All signs point to only one reasonable conclusion—that we may look beyond Dodge's conviction statute to the underlying facts of his offense to determine whether his offense qualifies as a "sex offense against a minor."

Like the *Byun* circumstances, Dodge's plea reveals the underlying facts supporting his conviction. Dodge transmitted nude photos of himself, including some of him masturbating, to girls he thought were 13 years old. Dodge also used a web camera to broadcast himself masturbating. In my view, a 34-year-old man using a web camera to broadcast sex acts to a 13-year old girl clearly constitutes "criminal sexual conduct involving a minor" or "conduct that by its nature is a sex offense against a minor."[5] Thus, the non-categorical approach requires the registration of Dodge's crime as a "sex offense" under SORNA even if other conduct chargeable under 18 U.S.C. § 1470 would fall outside SORNA's reach.

---

[5] Indeed, 18 U.S.C. § 2252B, which criminalizes the act of using misleading domain names on the internet with the intent to deceive a minor into viewing harmful material (and which, notably, is one of the enumerated "federal offenses" that constitutes a sex offense under SORNA), defines "harmful material" in part as any communication consisting of sex. In turn, the definition of "sex" includes masturbation and "the condition of human male . . . genitals when in a state of sexual stimulation or arousal." 18 U.S.C. § 2252B(e).

The majority asserts that we need not decide whether to apply a categorical or non-categorical approach to the statute because no means exists to articulate a principled statutory basis to distinguish a "registerable" 18 U.S.C. § 1470 violation from one that is not. . The majority's reasoning proceeds from its interpretation of the word "against" in the phrase "against a minor," which the majority defines as requiring a concept of contact or opposition. The majority thus concludes that because Dodge's actions lack an element of unwanted sexual assault, offense, or other violation that contacts or opposes a minor's rights, his offense cannot be a "specified offense against a minor." But in plainly reading the statute, the term "against" cannot possibly require an element of contact or opposition. As the Ninth Circuit noted, hardly any of the listed "specified offense[s] against a minor" require that a person engage in a sexual act. *Byun*, 539 F.3d at 987 n.8. In my view, the word "against" in the phrase "against a minor" simply means the conduct as applied to the age of the victim (i.e., "against a minor" as opposed to "against an adult"). Here, because no question exists that Dodge believed the victim was a minor, the word "against" is a non-issue. Rather, the issue is whether Dodge's conduct was a "sex offense."

Respectfully, no "principled statutory basis" could ever address all of the conceivable conduct that does not fit into a neat statutory definition of "sex

27

offense." Aware of this, and unable to articulate (or conceive of) every type of conduct that could constitute "conduct that is by its nature a sex offense," Congress left courts with a broad range of discretion to determine what conduct is "by its nature" a sex offense. Indeed, Congress's stated purpose was to capture a broader range of conduct in its definition of a "sex offense," and specifically *all offenses*—not convictions—by child predators. *See* 42 U.S.C. § 16911(7).

The majority disagrees and rests on its inability to distinguish Dodge's conduct from other 18 U.S.C. § 1470 conduct that would not require SORNA registration. In that regard, the majority is unable to grasp how Dodge's conduct is any different than the mere distribution of obscene material through the mail, which may not involve unwanted sexual assault or a violation of a minor's rights and, according to the majority, would not be a registerable offense under SORNA. But Dodge's underlying conduct is distinguishable from that situation as his intent clearly demonstrated a "sexual component"—he intended for 13-year-old girls to view him in a sexual state. Further, I see no distinction between his conduct as charged under 18 U.S.C. § 1470 and conduct that would undoubtedly be registerable under 18 U.S.C. § 2252B(b), which criminalizes the use of a "misleading domain name on the Internet with the intent to deceive a minor into viewing material that is harmful to minors . . . ." In that statute, which is

28

enumerated in 42 U.S.C. § 16911(5)(A)(iii) as one of the "federal" offenses constituting a sex offense, "material that is harmful to minors" is defined as depictions of acts of masturbation or the condition of the male genitalia in a state of arousal—exactly what Dodge depicted here. Notably, 18 U.S.C. § 2252B(b) requires no sexual act, no assault, no offense, and no violation that opposes a minor's rights. Thus, following the majority's view, Dodge's conduct could be categorized as a "sex offense against a minor" if he intended to deceive the 13-year-old girls into viewing his pictures, but not if he was merely an honest predator.

In *Byun*, the crime of which Byun was convicted did not correspond neatly to any listed "specified offense against a minor." But as the Ninth Circuit explained, the "specified offense against a minor" includes a catchall category—"any conduct that by its nature is a sex offense against a minor." *Byun*, 539 F.3d at 988. The court concluded that Byun's conduct "likely [fell] within this category" because (1) at least one of the listed offenses had a "strong similarity" to Byun's crime, and (2) Byun's offense appeared to be a "Tier II" offense, which would imply that an individual must be a sex offender before she can be a "Tier II" sex offender. *Id.* Similarly, Dodge's conduct parallels the undoubtedly registerable offense conduct espoused in 18 U.S.C. § 2252B(b),

29

which does not require that a person invade the private space of a minor, engage in a sexual act, an unwanted sexual assault or offense, or other violation that contacts or opposes a minor's rights. As a common-sense matter, deceiving a minor into viewing obscene pictures is no different than what Dodge did. Dodge's conduct is also strikingly similar to "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct." 42 U.S.C. § 16911(7)(H). Contrary to the concerns cited by the majority, Dodge's conduct here is simply indistinguishable from these undoubtedly registerable offenses. I would therefore conclude that the catchall "specified offense against a minor" category must include a crime like Dodge's.

Further, whether a sex offense is "against a minor" should generally be clear; a victim is either a minor or not when an offense is committed. The closer question will be whether the defendant's conduct constitutes a "sex offense." Obviously, the SORNA drafters have taken into account that certain conduct can constitute a "sex offense" without any individual actually engaging in a sexual act. Congress purposefully enacted a broad, sweeping statute intended to encompass any type of conduct that contains a "sexual component" toward a minor, and has entrusted the courts with broad discretion to determine what type of conduct is "by its nature a sex offense against a minor." District judges do not need a statute to

30

spell out every instance of conduct that is a sexual offense against a minor; they are capable of examining the underlying conduct of an offense and determining whether a defendant has engaged in conduct that "by its nature is a sex offense against a minor."

Lastly, as for Dodge's argument that in looking beyond the conviction statute the district court improperly considered conduct to which he did not plead guilty, I believe that any error was harmless. At sentencing, the district court specifically articulated Dodge's conduct with the web camera as a basis to impose SORNA registration as a condition of release—conduct which was actually charged in the dismissed Counts II and III. But even if SORNA applies only to conduct underlying the conviction offense, Dodge's conduct supporting Count I (transmitting to minors website links to pictures of himself fully nude and masturbating) is still "conduct that by its nature is a sex offense against a minor." *See* 18 U.S.C. § 2252B (enumerated as a "federal offense" requiring SORNA registration in 42 U.S.C. § 16911(5)(A)(iii) and defining material that is "harmful" to minors as any communication depicting masturbation or genitalia in an aroused condition). And because Dodge pleaded guilty to all three counts before the government dismissed Counts II and III at sentencing, Dodge's plea hearing also arguably established a basis for the court to consider the conduct supporting

31

Counts II and III in sentencing him. *Cf. Byun*, 539 F.3d at 993-94 (considering the defendant's plea agreement to determine if her offense was "against a minor"). Thus, even if the district court erred in relying on Dodge's conduct with the web camera instead of only the Count I conduct, I would conclude that the error was harmless.

## III.

For the foregoing reasons, I would hold that courts may examine the underlying facts of a defendant's offense to determine whether he or she has committed a "specified offense against a minor" and is thus a "sex offender" subject to SORNA registration. Dodge's plea reveals that he indeed engaged in conduct that "by its nature is a sex offense against a minor." Therefore, I would conclude that he is a sex offender under SORNA and that the district court did not abuse its discretion in requiring him to register as such. I respectfully dissent.