[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-14764
Non-Argument Calendar

_____

D. C. Docket No. 96-00222-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YRAIDA LEONIDES GUANIPA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 8, 2009)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Yraida Leonides Guanipa, a federal prisoner convicted of

attempted possession with intent to distribute cocaine, appeals the district court's summary denial of her motion to clarify the conditions of her supervised released that was filed after the probation officer denied her authority to work as a legal assistant.

We review the district court's application of the law to sentencing issues *de novo*. *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008), *petition for cert. filed,* Jan. 20, 2009 (No. 08-987). "We review the terms of supervised release for abuse of discretion." *See United States v. Dodge*, 554 F.3d 1357, 1360 (11th Cir. 2009). A remand is necessary when the record on appeal is insufficient to enable meaningful review. *See United States v. Campbell,* 473 F.3d 1345, 1347 (11th Cir. 2007).

A probation officer may "use all suitable methods, not inconsistent with the conditions specified by the court, to aid a probationer or a person on supervised release who is under his supervision, and to bring about improvements in his conduct and condition." 18 U.S.C. § 3603(3). However, under 18 U.S.C. § 3583, district courts retain the ultimate responsibility for ensuring that a defendant has complied with the conditions of her supervised release. *See Gozlon-Peretz v. United States*, 498 U.S. 395, 400–01, 111 S. Ct. 840, 844–45, 112 L. Ed. 2d 919, (1991) (noting that, with § 3583, Congress placed responsibility for overseeing a

2

defendant's post-confinement monitoring with the sentencing court). Additionally, under § 3583, a district court may modify the conditions of supervised release, but, under Fed.R.Crim.P. 32.1(c), before modifying the conditions of supervised release, the court must hold a hearing, "at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed.R.Crim.P. 32.1(c).

In *United States v. Dempsey*, 180 F.3d 1325, 13226 (11th Cir. 1999), we held that district courts are exclusively authorized with imposing occupational restrictions as a condition of supervised release, and that probation officers lack such authority. In so holding, we further reasoned that U.S.S.G. § 5F1.5, which implements 18 U.S.C. § 3583(d), "authorizes only a court to impose occupational restrictions and restricts its authority to do so to those instances where the *court* specifically finds (1) a reasonably direct relationship between the occupational restriction and the conduct relevant to the defendant's offense and (2) the restriction is reasonably necessary to protect the public from the possibility the defendant will continue to engage in unlawful conduct similar to that for which he was convicted." *Dempsey*, 180 F.3d at 1326 (quoting U.S.S.G. § 5F1.5). Moreover, the Supreme Court has noted that associational conditions do not extend to casual or chance meetings, and an "occupational association, standing alone,"

does not provide sufficient evidence of a violation of a supervised release restriction. *See Arciniega v. Freeman,* 404 U.S. 4, 4, 92 S. Ct. 22, 22, 30 L. Ed. 2d 126 (1971).

Lastly, courts sometimes may use categorical terms to outline the contours of supervised release conditions, and such categorical terms generally provide sufficient notice of prohibited conduct when there is a plain understanding of what activities those categories cover. *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003).

However, the committee notes to Fed.R.Crim.P. 32.1(b) state specifically that a defendant should have an opportunity to obtain clarification of a term or condition of supervised release so that the defendant may have an opportunity to comply with the court's order without first having to violate it, and caselaw supports the procedural right to seek clarification. *See* Fed.R.Crim.P. 32.1(b) advisory committee's note; *Dempsey*, 180 F.3d at 1325–26 (considering a defendant's Rule 32.1(b) motion to have occupational restrictions imposed by probation officer modified or clarified).

Here, the conditions of Guanipa's supervised release did not include any occupational restrictions, and the court effectively imposed such a restriction based on its broad application of a restriction that she not "associate" with any persons

engaged in criminal activity or convicted felons. The court's lack of explanation in denying Guanipa's motion does not provide an opportunity for meaningful appellate review. More importantly, because an "occupational association, standing alone" is insufficient evidence of a likely violation of the criminal association restriction, we vacate and remand for the purpose of allowing the district court to clarify the conditions of supervised release and reconcile those with Guanipa's requirement to work. If the court finds that an occupational restriction is necessary, it needs to elaborate, following a hearing, why such a restriction has a reasonable relationship to her convicted conduct and is reasonably necessary to protect the public. Accordingly, we vacate and remand for further proceedings.

**VACATED AND REMANDED.**