[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15534
Non-Argument Calendar
_____

D.C. Docket No. 3:07-cr-00054-HES-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY SLAY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2018)

Before MARTIN, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Troy Slay, proceeding pro se, appeals the district court's denial of his motion to modify the conditions of his supervised release. We vacate the district court's order and remand with instructions.

Slay pled guilty to possession of 500 grams or more of cocaine with intent to distribute. He was sentenced to 78 months in prison and five-years supervised release. As part of the conditions of supervision, Slay was "prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer."

After serving his sentence, Slay found a job as a sales representative. His job required him to entertain clients. He paid for these events with his personal credit card, and the company reimbursed him. The condition of supervision prohibiting his use of credit hindered his ability to do his job, so he filed an unopposed motion to modify the prohibition under 18 U.S.C. § 3583(e)(2). The district court denied his motion.

This Court vacated and remanded. United States v. Slay, 681 F. App'x 804, 807 (11th Cir. 2017) (per curiam) (unpublished). We concluded the district court abused its discretion for two reasons: it did not make clear whether it considered

2

the factors listed in 18 U.S.C. § 3553(a), and it did not address the points Slay raised in his motion. Id. On remand, Slay again made an unopposed motion to modify the condition requiring him to get probation office approval of credit charges and other major purchases, and the district court again denied his motion. Slay did not appeal that order.

Slay later moved a third time to modify or clarify the condition because he wanted to buy a new car. He requested probation-office approval and was informed that "there is a certain make/model of car that he is limited to purchasing." He asked the district court to clarify that whether the probation office could impose this limitation as part of the condition requiring approval for credit charges and major purchases. The district court denied this request for modification or clarification, too. In this appeal, we address the third denial only.

We review a district court's denial of a motion to modify the conditions of supervised release for abuse of discretion. See United States v. Serrapio, 754 F.3d 1312, 1318 (11th Cir. 2014). This standard recognizes the range of possible conclusions a district court may reach, and "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

3

Under 18 U.S.C. § 3583(e)(2), a district court may, after considering the § 3553(a) factors, "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." We have previously recognized that a person on supervised release may move under Federal Rule of Criminal Procedure 32.1 for clarification or modification of the conditions of supervised release.  See  United States v. Dempsey, 180 F.3d 1325, 1325–26 (11th Cir. 1999) (per curiam); United States v. Guanipa, 322 F. App'x 831, 833 (11th Cir. 2009) (per curiam) (unpublished); see also  Fed. R. Crim. P. 32.1(b) advisory committee's note ("The probationer should have the right to apply to the sentencing court for clarification or change of conditions.").

The district court did not address the issue Slay raised about the probation office restricting the make and model of car he could purchase.  Instead, the district court generally declined to alter the condition requiring probation office approval of credit charges and major purchases, relying on reasons it gave denying an earlier motion to modify.  The previous order denying relief found Slay lied in his monthly financial reports to the probation office, which required supervision of his finances, and that access to credit would allow Slay to borrow "unlimited amounts of money," which would tempt him to sell drugs to pay it back.  These reasons do not address the question of whether the challenged condition authorizes the probation office to tell Slay which sorts of cars he can buy.  Thus, the district court

4

abused its discretion when it denied Slay's motion based on reasons given in previous orders.

Further, the probation officer's restriction on vehicle make or model may have been an unreasonable implementation of the condition requiring probation office approval of credit charges and major purchases.  See Dempsey, 180 F.3d at 1326 (vacating a district court's denial of a motion to modify condition of supervision when the defendant claimed the probation officer unreasonably imposed an occupational restriction not ordered by the court); Fed. R. Crim. P. 32.1(b) (allowing probationers to move to clarify "in cases of . . . unreasonableness on the part of the probation officer").  As we read the language of the condition, the probation office may plainly decide how much Slay can spend on a car; indeed, it could bar him from buying one at all.  But we do not read it to authorize the probation officer to require Slay to buy Ford instead of Chevy.

The record before us does not disclose what precisely the probation office told Slay about his choice of vehicle.  We therefore remand to the district court to determine in the first instance whether the probation office in fact prohibited Slay from purchasing cars on the basis of make and model, and, if so, whether that prohibition was an unreasonable implementation of the condition requiring probation office approval of credit charges and major purchases.

5

To be clear, our ruling does not mean the district court must remove the condition requiring probation office approval of credit charges major purchases. The district court gave reasons for imposing that condition in an earlier order, and Slay did not appeal that ruling. The issue is not before us, and we express no opinion about the earlier ruling.

For these reasons, we VACATE and REMAND to the district court for further proceedings consistent with this opinion. Because we vacate the order, we do not reach Slay's argument that the condition was "arbitrary and capricious" and violated the Eighth Amendment, or whether such a challenge is properly raised in a motion under § 3583(e)(2). See United States v. McClamma, 676 Fed. App'x 944, 947-48 (11th Cir. 2017) (per curiam) (unpublished) (declining to entertain a legal or constitutional challenge to the validity of a condition of supervision raised in a motion under § 3583(e)(2)).

6