[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14123
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20764-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER AMADO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 3, 2019)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Roger Garcia appeals the district court's orders denying his 18 U.S.C.

§ 3582(c)(2) motion for reduction in sentence and his motion to clarify the special

conditions of his supervised release. We affirm.

## I.     BACKGROUND

In January 2014, Garcia pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).[1] The plea agreement contained a factual proffer stating that federal law enforcement agents began investigating Garcia for making files containing child pornography available for distribution over a peer-to-peer network. On December 20, 2012, law enforcement officials executed a valid search warrant for Garcia's residence, where they found digital devices containing child pornography.

The Presentence Investigation Report recommended an advisory guideline range of 108 to 135 months' imprisonment. The advisory guideline range included

---

[1]

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if-- (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct . . . shall be fined under this title or imprisoned not more than 10 years, or both, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years."

18 U.S.C. § 2252(a)(4)(B).

2

a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for engaging in the distribution of child pornography.[2] Garcia objected that the enhancement was inapplicable because there was no evidence that he knew the files he posted were being distributed. On April 24, 2014, the district court imposed a sentence of 80 months' imprisonment to be followed by 20 years of supervised release. The district court also ordered Garcia to comply with the special conditions of supervised release that were outlined in the PSR.

Four years later, on August 14, 2018, Garcia filed a "Motion for 2-Level Reduction Under Amendment 664 of the United States Sentencing Guidelines and Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)." The motion argued that he was entitled to a two-level sentence reduction because Amendment 664 clarified the meaning of "distribution" for purposes of U.S.S.G. § 2G2.2(b)(3)(F) and the government had not shown that his posts qualified as distribution. A few days later, Garcia filed a "Motion for Clarification," requesting that the district court "issue a clarification, wherein it articulates and explains the reasons for the imposition of each special condition" of supervised release. The district court denied summarily both of Garcia's motions on September 11 and 12,

---

[2] At the time that the PSR was prepared and at the time of sentencing, U.S.S.G. § 2G2.2(b)(3)(F) instructed "[i]f the offense involved: . . . [d]istribution other than distribution described in subdivisions (A) through (E), increase by 2 levels." U.S.S.G. § 2G2.2(b)(3)(F) (2013).

2018. Garcia filed two notices of appeal on September 24, 2018. One notice of appeal identified, by name and docket number, the order denying the motion for clarification, and the other identified, by name and docket number, the order denying the § 3582(c)(2) motion. This Court docketed the notices of appeal under one docket entry.

## II.    DISCUSSION

Garcia argues that the district court erred in denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and his motion for clarification of the conditions of his supervised release.[3] Garcia is proceeding *pro se*, and we construe liberally *pro se* pleadings. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Garcia argues that the district court plainly erred in denying his motions in summary form without providing a reasoned explanation for its decisions. Although this Court generally expects a district court to provide a reasoned explanation for its sentencing decision, this Court will review summary dispositions so long as the summary disposition has "not precluded meaningful

---

[3] The government argues that this Court has jurisdiction to consider only the district court's decision on Garcia's motion for clarification because that is the only order referenced in the notice of appeal. Garcia filed two notices of appeal, however, each specifically identifying one of the district court's orders. Thus, both orders are properly before this Court. *See* Fed. R. App. P. 3(c)(1)(B).

appellate review." *See United States v. Villarino*, 930 F.2d 1527, 1529 (11th Cir. 1991) (quoting *United States v. Wise*, 881 F.2d 970, 973 (11th Cir. 1989)). After examining the record, we conclude that the summary disposition of Garcia's motions has not precluded meaningful review.

### A. Denial of 18 U.S.C. § 3582(c)(2) Motion

"We review the district court's denial of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion" and the district court's "legal conclusions regarding the scope of its authority under the Sentencing Guidelines" *de novo*. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). 18 U.S.C. § 3582(c)(2) provides that an individual "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the district court to reduce his term of imprisonment.

Garcia argues that he is entitled to a sentence reduction under § 3582(c)(2) based on Amendment 664 to the Sentencing Guidelines. Amendment 664 defines "distribution" for purposes of U.S.S.G. § 2G2.2 as:

> any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of obscene matter. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. App. C, Amend. 664. The problem for Garcia is that Amendment 664

5

was enacted in 2004, *id.*, about ten years before he was sentenced. The sentencing guideline range based on which he was sentenced has thus not "subsequently been lowered by the Sentencing Commission" and he is not entitled to relief under 18 U.S.C. § 3582(c)(2). Moreover, U.S.S.G. § 1B.10(a)(1) provides that a sentence may be reduced pursuant to § 3582(c)(2) only if the amendment that reduced the sentencing range is one listed in U.S.S.G. § 1B1.10(d), and Amendment 664 is not listed in U.S.S.G. § 1B.10(d).

To the extent that Garcia is challenging the district court's application of the § 2G2.2(b)(3)(F) enhancement to his sentence, such a challenge is untimely. An individual who wishes to appeal the final judgment entered in a criminal case must do so no later than 14 days after the district court enters its judgment, unless the time for filing has been tolled. Fed. R. App. P. (4)(b)(1)(A). Such final judgment includes the sentence in a criminal case. *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985). Because Garcia filed his motion more than 14 days after his judgment was entered and has not filed a motion to toll the time for filing, any challenge to the district court's decision to enhance Garcia's sentence under § 2G2.2(b)(3)(F) is untimely. Thus, whether construed as a § 3582(c)(2) motion or as a direct challenge to the imposition of the sentence enhancement, Garcia's motion fails.

6

## B. Motion for Clarification

Garcia argues that the district court erred in denying his motion for clarification of the conditions of his supervised release because it was obligated to provide a reason for each of his conditions of supervised release at sentencing. We review the district court's denial of a motion to modify or clarify a condition of supervised release for abuse of discretion. *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014).[4]

As an initial matter, as noted above, there is no requirement that the district court provide a reason for each of its sentencing decisions. Second, under 18 U.S.C. § 3583(e)(2), a district court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." This Court has recognized that a person on supervised release may move under Rule 32.1 of the Federal Rules of Criminal Procedure for modification or clarification of the conditions of supervised release. *See United States v. Dempsey*, 180 F.3d 1325, 1325–26 (11th Cir. 1999); *see also* Fed. R. Crim. P. 32.1(b) Advisory Committee Note ("The probationer should have the

---

[4] Although *Serrapio* involved the modification of probation, the Federal Rules of Criminal Procedure treat probation and supervised release similarly. *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994).

7

right to apply to the sentencing court for a clarification or change of conditions . . . [and] be able to obtain resolution over a dispute over an ambiguous term or the meaning of a condition without first having to violate it.").[5] Garcia has not filed such a motion. He has not identified a dispute over an ambiguous term in his conditions of supervised release or requested an explanation of the meaning of one of those conditions. As Garcia's purported motion is clearly without basis, the district court did not abuse its discretion in denying summarily his motion for clarification. *See Villarino*, 930 F.2d at 1529.

Finally, to the extent that Garcia challenges the imposition of the conditions of supervised release, such appeal is untimely. Appeal of a final judgment must be filed within 14 days after the entry of judgment. Fed. R. App. P. (4)(b)(1)(A). "The district court's sentence, of which the conditions of supervised release are a part, is a final judgment immediately appealable to this Court." *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003). Accordingly, any challenge to the imposition of his sentence, including the conditions of supervised release, is untimely.

It is plain from the record that Garcia's motion for clarification of supervised release fails, whether construed as a motion for clarification under Rule 32.1 of the

---

[5] The text of a given rule is what is authoritative. Nevertheless, "[h]aving been prepared by a body of experts, the Notes are assuredly persuasive scholarly commentaries—ordinarily *the* most persuasive—concerning the meaning of the Rules." *Tome v. United States*, 513 U.S. 150, 167 (1995) (Scalia, J., concurring in part and concurring in the judgment).

8

Federal Rules of Criminal Procedure or a challenge to the imposition of his sentence. Accordingly, we affirm the district court's denial of the motion.

## III.    CONCLUSION

The district court did not err in denying Garcia's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) or his motion for clarification of supervised release. The judgment of the district court is **AFFIRMED.**